### ALDEN v. ROBINSON et al.

(Supreme Court, Appellate Term. April 24, 1906.)

1. BROKERS—CONTRACTS—SALE OF REAL PROPERTY—COMMISSIONS.

Where, in an action by a real estate broker to recover from defendants one-half of commissions received by the latter on a sale of certain property, for the sale of which plaintiff was agent, the complaint alleged that plaintiff brought the property to defendants' notice, that the latter agreed to co-operate with plaintiff in a sale of the property, and, in consideration of his bringing the same to defendants' notice and of his services, defendants agreed to pay plaintiff one-half of the commissions received by them on the sale of the property, the court properly refused to charge that, if the premises in question were brought to defendants' notice prior to the plaintiff bringing notice thereof to them, he could not recover on the contract.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Brokers, § 61.]

2. APPEAL—RECORD—SUFFICIENCY.

Where, on appeal, it does not appear what plaintiff's counsel said in summing up, defendants' exception to the language employed cannot be considered.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2896.]

Appeal from City Court of New York, Trial Term.

Action by William H. Alden against Douglas Robinson and another. From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal. Affirmed.

This action was brought by plaintiff, a real estate broker, against defendants, a firm of real estate brokers, to compel the latter to divide with plaintiff a sum received for brokerage commissions on the sale of certain real estate. The complaint alleged that plaintiff was employed by the owner of the property to sell the same, and that thereupon plaintiff entered into an agreement with defendants to co-operate in selling the property; the defendants to divide equally with plaintiff any commission paid or received by them on the sale of the property to any of defendants' customers. The ruling referred to in the opinion as appearing at folio 261 was the refusal of an instruction requested by defendants that, "if the premises in question were brought to defendants' notice prior to the plaintiff's bringing notice thereof to them, he cannot recover upon the contract pleaded in the complaint."

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Carter, Ledyard & Milburn, for appellants.

George C. Coffin (Herbert Goldmark, of counsel), for respondent.

PER CURIAM. We are of the opinion that the verdict is not against the weight of evidence. Counsel for the appellants contend that the court erred in permitting the defense in the answer to be read to the jury, and calls our attention to folios 246, 247 and 262 of the printed papers. It does not appear from folio 247 that the answer

was in fact read, nor does it appear that the counsel for the appellants at the time excepted to the ruling of the court, nor was the ruling which appears at folio 261 erroneous. It does not appear what counsel for plaintiff said in summing up; therefore, we cannot say whether he had a right to say it or not.

The judgment and order appealed from are affirmed, with costs to the respondent.